UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JOSEPH M. FUSCO, III,

      Plaintiff,

    v.

MONROE COUNTY, NEW YORK,
MONROE COUNTY CLERK,
MONROE COUNTY SHERIFF,

      Defendants.

———————————————————————

25-CV-6505-MAV
**DECISION & ORDER**

Before the Court are a motion for reconsideration and motion for leave to appeal *in forma pauperis* ("IFP") filed by *pro se* Plaintiff, Joseph M. Fusco, III. ECF Nos. 21, 23. For the reasons that follow, both motions are DENIED.

## BACKGROUND

On September 23, 2025, Plaintiff filed a complaint and motion for a temporary restraining order ("TRO"), purporting to challenge "Monroe County's administrative practice of accepting and enforcing orders without motions—ministerial functions entirely separate from judicial acts"—in connection with an ongoing matrimonial action in state court. ECF No. 1 at 1–4; ECF No. 3. He paid the filing fee.

Plaintiff thereafter filed a motion for a preliminary injunction, reiterating his requests for relief to enjoin the "County of Monroe, its officers, agents, and employees from further enforcing any state orders or procedures issued without motion, notice, or written findings in violation of Plaintiff's due-process rights under the Fifth and Fourteenth Amendments," allegedly also including an October 14, 2025 order of

protection issued against him. ECF No. 7. Defendants filed a motion to dismiss, ECF No. 6, to which Plaintiff responded, ECF No. 8. Plaintiff also filed subsequent documents in support of his requests for relief on October 29, 2025. ECF Nos. 9–11.

On October 30, 2025, the Court found it lacked subject matter jurisdiction over Plaintiff's claims, granted Defendants' motion to dismiss, allowed Plaintiff 30 days to file an amended complaint only as directed by the Court, and denied Plaintiff's motions for a TRO and a preliminary injunction as moot. ECF No. 12.

Plaintiff filed an amended complaint on November 12, and another motion for a preliminary injunction on November 17. ECF Nos. 12, 14. On November 20, Defendants' filed a motion to dismiss Plaintiff's amended complaint. ECF No. 15. The Court issued a Scheduling Order, directing Plaintiff to file a response to Defendants' motion to dismiss by December 22, 2025, permitting a reply by Defendants "if preserved" by January 5, 2026, directing Defendants to file a response to Plaintiff's motion for a preliminary injunction by December 17, 2025, and permitting Plaintiff to file a reply "if preserved" by January 3, 2026. ECF No. 16.

Plaintiff filed his opposition to Defendants' motion to dismiss on November 26, and Defendants filed their opposition to Plaintiff's preliminary injunction on December 15. ECF Nos. 17, 18. On December 19, the Court dismissed Plaintiff's action with the following order:

> On October 30, 2025, the Court issued a Decision and Order granting Defendants' motion to dismiss for lack of subject matter jurisdiction and denying Plaintiff's requests for injunctive relief as moot. ECF No. 12. Although the Court found it "unlikely that Plaintiff [could] allege additional facts to state a valid claim, in light of his *pro se* status, the Court grant[ed] Plaintiff 30 days' leave to amend his complaint," but "only as directed." *Id.* at 11, 15. Plaintiff filed an amended complaint on

November 12, and the remaining Defendant, Monroe County, filed a motion to dismiss on November 20. ECF Nos. 13, 15. Plaintiff filed a response on November 26. ECF No. 17. Plaintiff also filed a request for a preliminary injunction, ECF No. 14, to which Defendant objected, ECF No. 18.

Defendant's motion to dismiss Plaintiff's amended complaint, ECF No. 15, is GRANTED. Setting aside that Plaintiff did not comply with the Court's October 30 Decision and Order in submitting his amended complaint, Plaintiff has raised no additional facts showing that this Court has subject matter jurisdiction over this action. For the reasons stated in the Court's October 30 Decision and Order, ECF No. 12, Plaintiff's case is plainly barred by the *Rooker-Feldman* doctrine and *Younger* abstention. Plaintiff's further attempts to reframe his requests for relief are unpersuasive and only highlight the principles supporting abstention in such matters. *See, e.g.*, ECF No. 13 at 41–43, ECF No. 14 at 30–32 (requesting, *inter alia*, that this Court order Monroe County to "[a]udit orders issued in the last 24 months . . . to identify instances where orders were accepted without corresponding verified motions," give notice to the affected parties stating that the order likely violates the U.S. Constitution and "may be voidable," adopt and publish a written policy requiring verification that motions exist before orders are "accepted" and docketed, implement a tracking system for the same, implement mandatory training "for accepting court orders," and to order Monroe County to file written reports with this Court demonstrating compliance with the above).

Dismissal is warranted under Fed. R. Civ. P. 12(b)(1) due to a lack of subject matter jurisdiction. Accordingly, Plaintiff's motion for a preliminary injunction, ECF No. 14, is DENIED AS MOOT. The Clerk of Court is directed to close this case.

ECF No. 19. Judgment was subsequently entered, and his case was closed. ECF No. 20. On December 22, 2025, Plaintiff filed the instant motion for reconsideration. ECF No. 22. On December 30, Plaintiff filed a motion for leave to appeal IFP and a notice of appeal to the Second Circuit. ECF Nos. 23, 24.

## DISCUSSION

### I.    Plaintiff's Motion for Reconsideration

Plaintiff moves the Court to reconsider its December 19 Order on three grounds: (1) that the Court's Order was premature since his deadline to reply in

3

support of his motion for a preliminary injunction was January 3, 2026; (2) that the *Rooker-Feldman* doctrine cannot bar the state-court judgment issued on October 14, 2025, because it post-dates Plaintiff's filing of his federal complaint; and (3) that the Court failed to address *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), "require[ing] five procedural safeguards before restricting court access" in any order. ECF No. 21 at 1.

Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *Shomo v. Eckert*, 755 F. Supp. 3d 344, 346–47 (W.D.N.Y. 2024); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). As explained by the Second Circuit, "'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Shomo*, 755 F. Supp. 3d at 347 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (brackets omitted)). "'The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). With respect to the third of these criteria, to justify review of a decision, the Court must "have a clear conviction of error on a point of law that is certain to recur." *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989). "These criteria are strictly construed against the moving party so as to avoid repetitive

4

arguments on issues that have been considered fully by the court." *Shomo*, 755 F. Supp. 3d at 347 (quotation omitted).

Plaintiff has not raised any controlling decisions or data that the Court overlooked that might reasonably be expected to alter the Court's conclusion to dismiss his case.

Plaintiff's first argument, that the Court's dismissal was premature, fails. The Court dismissed Plaintiff's case by granting the Defendants' motion to dismiss his amended complaint. *See* ECF No. 15. Plaintiff filed a response opposing Defendants' motion to dismiss on November 26, 2025, ECF No. 17, and Defendants' motion to dismiss was ripe for review when the Court issued its December 19 Order. "The purpose of a preliminary injunction is to provide relief temporarily pending resolution of a case on the merits." *Pierce v. Woldenberg*, 498 F. App'x 96, 98 (2d Cir. 2012). As the Court determined that it did not have subject matter jurisdiction over Plaintiff's amended complaint, Plaintiff's request for a preliminary injunction was moot and any further briefing thereon was, and is, futile. *See id.*

Additionally, even if his request for preliminary relief had not been mooted, the Court's scheduling order only permitted Plaintiff to file a reply "if preserved." ECF No. 19; *see* Loc. R. Civ. P. 5.2(h) ("After a motion is filed and served in a *pro se* case, the Court will issue an order setting deadlines for filing and service of opposing papers, and for filing and service of reply papers if the moving party has stated an intent to reply."). Plaintiff's motion for a preliminary injunction did not state an intent to file a reply, *see* ECF No. 14, therefore the Court would have had no obligation

to wait for January 3, 2026, to issue an order on his motion for a preliminary injunction even if there had been merit to Plaintiff's underlying claims.

Plaintiff's second argument, that the *Rooker-Feldman* doctrine does not apply to his challenged October 14, 2025 state-court decision, does not alter the conclusion reached by the Court to dismiss his case for lack of subject matter jurisdiction. Even assuming without deciding that Plaintiff is correct, as discussed in the Court's Order on October 30, 2025, and reiterated on December 19, *Younger* abstention precludes all of Plaintiff's claims, including those pertaining to the state-court's October 14 order. Plaintiff has failed to demonstrate that the Court's conclusion to dismiss his case was unjustified.

Lastly, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), does not alter the conclusion reached by the Court to dismiss Plaintiff's case for lack of subject matter jurisdiction. *Safir* discusses, *inter alia*, the standard that federal district courts should use to determine whether to restrict a litigant's further vexatious litigation in federal court. *See Safir*, 792 F.2d at 24. To the extent that Plaintiff alleged or is alleging that the *state* court has unreasonably restricted his access to file in *state* court, *see* ECF No. 21 at 1–10, Plaintiff has not demonstrated that *Safir* is controlling as to such decisions in his state matrimonial action. Furthermore, Plaintiff's attempts to have this Court review such state-court decisions as unreasonably restricting his access to file in state court implicate the same jurisdictional issues under *Younger* abstention and the *Rooker-Feldman* doctrine that warranted dismissal of his underlying federal action.

Plaintiff's motion for reconsideration is therefore denied.

## II.    Plaintiff's Motion to Appeal IFP

Plaintiff did not submit an *"In Forma Pauperis* Application Form,"* available on the Western District of New York's website, which, alone, warrants denial of Plaintiff's application. In support of his motion, Plaintiff instead merely states that he filed Chapter 7 bankruptcy on May 15, 2025, and is in the "statutory fresh-start period and cannot prepay the appellate filing fee without undermining that process." ECF No. 23 at 1. This is insufficient to support a request to appeal IFP. Moreover, the Court notes that Plaintiff paid the filing fee to commence his federal action in district court on September 23, 2025—seemingly being subject to the same conditions that he now alleges prevent him from paying the required fee to appeal. Plaintiff's motion to appeal IFP is denied.

### ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, ECF No. 21, is DENIED; and it is further

ORDERED that Plaintiff's motion to appeal IFP, ECF No. 23, is DENIED.

SO ORDERED.

Dated:        March 24, 2026
              Rochester, New York


                                            HON. MEREDITH A. VACCA
                                            UNITED STATES DISTRICT JUDGE

7